FILED
2017 Sep-29  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILIP LAGAT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | |
| LEASE FINANCIAL GROUP, LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, EXPERIAN INFORMATION | ) | **JURY DEMAND** |
| SOLUTIONS, INC., REPUBLIC | ) | |
| FINANCE AND TRANSUNION LLC, | ) | |
| | | |
| DEFENDANTS. | | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Philip Lagat ("Mr. Lagat" or "Plaintiff"), and with knowledge as to Plaintiff's acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants Lease Financial Group, LLC; Equifax Information Services LLC; Experian Information Solutions, Inc.; Republic Finance

1

and TransUnion LLC.

2.     Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information concerning consumers compiled and sold to users by consumer reporting agencies ("CRAs").

3.     On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4.     The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5.     Toward this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and the right to request the truncation of Social

---

[1]     http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html    Last visited September 29, 2017.

[2]  Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf   Last visited September 29, 2017.

Security numbers on consumer disclosures (commonly referred to as credit reports).

6.     FACTA also imposes additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

7.     Since the 1990s, the Federal Trade Commission (FTC) FCRA and numerous state attorney generals have taken enforcement action against the nationwide consumer reporting agencies (NCRAs) for violations of the FCRA.[3]

8.     Likewise, the FCRA imposes duties on persons who furnish information to CRAs ("furnishers").  *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5).

---

[3] *See Trans Union Corp.*, 102 F.T.C. 1109 (1983) (consent order); *FTC v. TRW Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991) (consent decree); *FTC v. TRW, Inc.*, Civil No. 3-91-CV2661-H (N.D. Tex. 1993) (consent decree); *Equifax Credit Information Services, Inc.*, 130 F.T.C. 577 (1995) (consent order); *Trans Union Corp. v. FTC*, 81 F.3d 228 (D.C. Cir. 1996); U.S. v. Equifax, Civ. No. 00-0087 (N.D. Ga. 2000); U.S. v. Experian, Case No. 00-0056 N.D. Tex. 2000); U.S. v. TransUnion, case No. 00-235 (N.D. Ill. 2000);  *In the Matter of Experian, Equifax and Trans Union*, Settlement Agreement with Attorney General of the State of New York (Mar. 8, 2015); *State of Mississippi, et al. v. Experian Info. Solutions, Inc., et al*; Case No. 1:14-cv-00243 (S.D. Miss.)(settlement agreement); May 20, 2015 NCRAs Settlement with 31 Attorney Generals, including Attorneys General of Alabama, Alaska, Arizona, Arkansas, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, and Wisconsin)(the NCRAs agreed to the agencies a total $6 million and comply with the FCRA).

Specifically, furnishers must satisfy five duties after receipt of notice of a consumer dispute from a CRA.  *See* 15 U.S.C. § 1681s-2(b)(1)(A-E).

9.      Credit report errors remain a major problem for identity theft victims, including Plaintiff.

<u>JURISDICTION & VENUE</u>

10.      This Court has jurisdiction of this action for violations of the Fair Credit Reporting Act pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

11.      Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) and a resident of this judicial district.

12.      Defendant Lease Financial Group, LLC ("LFG") is a is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[4], and conducts substantial and regular business activities in this judicial district.

13.      Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

14.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts

---

[4] Plaintiff is making a claim against LFG under § 1681s-2(b).  Plaintiff is not making a claim against LFG under § 1681s-2(a).

substantial and regular business activities in this judicial district.

15.     Defendant Republic Finance ("Republic") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[5], and conducts substantial and regular business activities in this judicial district.

16.     Defendant TransUnion LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

17.     Equifax, Experian and Trans Union are referred to throughout as the "CRA Defendants."

## FACTUAL ALLEGATIONS

18.     Plaintiff is a victim of identity theft.

19.     Upon information and belief, an impostor used Plaintiff's personal identifying information without Plaintiff's authorization or consent.

20.     Upon information and belief, an impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's authorization or consent.

21.     Plaintiff reported the fraud to the Birmingham Police Department.

22.     The Birmingham Police Department categorized the type of incident

---

[5] Plaintiff is making a claim against Republic under § 1681s-2(b).  Plaintiff is not making a claim against Republic under § 1681s-2(a).

or offense as "Identity Theft."

23.    Defendants have been reporting the false derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history, including personal identifying information, to third parties (hereinafter the "false information").

24.    The false information includes accounts, inquiries and personal identifying information that do not belong to Plaintiff.

25.    The false information includes accounts with Tower Loans and Republic Finance.

26.    The Republic Finance account was reported by at least one of the CRA Defendants with the tradeline "Republic Finance" as a "collection account." The tradeline also indicated Plaintiff owed $1,490 and the account was $1,490 past due.

27.    The Tower Loan accounts were reported by at least one of the CRA Defendants with the tradeline "Tower Loan" and with the status "charge off."   The tradelines also indicated Plaintiff owed $1,370 on each of the accounts and the accounts were both past due in the amount of $1,370.

28.    The information is false because Plaintiff did not open accounts with these companies.

29.    The accounts do not belong to Plaintiff.

30.    The balances, account ownership and payment history for the

accounts described in the preceding paragraphs are false because Plaintiff did not owe the aforementioned creditors for the balance.

31.    The accounts were opened as a result of identity theft.

32.    The false information also includes inquiries that were not authorized by Plaintiff for the above-described accounts and possibly others.

33.    The CRA Defendants provided the false information to third parties.

34.    The false information negatively reflects on Plaintiff's credit history, financial responsibility as a debtor and credit worthiness.

35.    The CRA Defendants knew Plaintiff believed he was a victim of fraud.

36.    Upon information and belief, the CRA Defendants removed some items of information from Plaintiff's file due to fraud.

37.    Upon information and belief, the furnisher defendants knew, or should've known, that Plaintiff was a victim of identity theft.

38.    Equifax prepared and issued credit reports concerning Plaintiff that included the false information.

39.    Plaintiff notified Equifax that he disputed the accuracy of the information reported by Equifax.

40.    Equifax continued to report the false information.

41.    Plaintiff notified Equifax that he was a victim of fraud.

42.    Equifax continued to report the false information.

43.    The FCRA requires a consumer reporting agency to add an extended fraud alert to a consumer's file when it receives "an identity theft report" and "appropriate proof of identity." 15 U.S.C. 1681c-1(b)(1).

44.    On or about November 1, 2016, Plaintiff provided Equifax with an identity theft report and appropriate proof of identity.

45.    On or about November 21, 2016, Equifax added an extended fraud alert to Plaintiff's file.

46.    Notwithstanding, Equifax declined to "block" the disputed information after receipt of an identity theft report from Plaintiff.

47.    Equifax continued to report the false information.

48.    After receipt of the identity theft report described in paragraph 44, Equifax did not notify Plaintiff, in writing, of: the business name and address of any furnisher that it contacted upon receiving the identity theft report; that he had a right to add a statement to the file disputing the accuracy or completeness of the disputed information; nor did Equifax provide such notice to Plaintiff within five (5) business days thereafter.

49.    Moreover, Equifax did not explain to Plaintiff why it believed the identity theft report to be invalid nor did it request any specific additional information from Plaintiff.

50.     On at least one occasion, Plaintiff asked Equifax to hide the first five (5) digits of Plaintiff's Social Security number on his consumer disclosure.

51.     On at least one occasion, Equifax did not hide to hide the first five (5) digits of Plaintiff's Social Security number on his consumer disclosure.

52.     On at least one occasion, Equifax did not timely provide Plaintiff with his consumer disclosure.

53.     On at least one occasion, Plaintiff asked Equifax to provide him with the steps it undertook while reinvestigating the disputed information.

54.     On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

55.     Equifax's failure to provide the required notice harmed Plaintiff by depriving him of valuable and consequential information related to the theft of his identity, and his efforts to repair the resulting harm.

56.     Equifax disregarded the plain language of § 1681c-2, despite guidance from the Federal Trade Commission and *Osada v. Experian Info. Solutions, Inc*., No. 11-C-2856, 2012 WL 1050067, at *3 (N.D. Ill. Mar. 28, 2012) (citing 16 C.F.R. § 603.2(c)(1) (renumbered at 12 CFR § 1022.3(i)(3)(i)).

57.     Equifax did not delete from Plaintiff's file inquiries associated with fraudulent accounts.

58.     Experian prepared and issued credit reports concerning Plaintiff that

included the false information.

59.    Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting.

60.    Experian continued to report the false information.

61.    Plaintiff provided Experian with an identity theft report and proof of his identity in support of his dispute.

62.    Notwithstanding, Experian declined to "block" the disputed information after receipt of an identity theft report and identification from Plaintiff.

63.    Trans Union prepared and issued credit reports concerning Plaintiff that included the false information.

64.    Plaintiff notified Trans Union that he disputed the accuracy of the information Trans Union was reporting.

65.    Trans Union continued to report false information.

66.    Plaintiff asked Trans Union to provide him with the steps it undertook while reinvestigating the disputed information.

67.    On at least one occasion, Trans Union failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

68.    Plaintiff directly notified LFG that the LFG accounts did not belong to him.

69.    Plaintiff also notified the CRA Defendants that their reporting of the

LFG accounts was inaccurate.

70.     Plaintiff notified the CRA Defendants that the LFG accounts were not his.

71.     Equifax, Experian and/or Trans Union notified LFG of Plaintiff's dispute.

72.     LFG notified Equifax, Experian and/or Trans Union that it verified the account.

73.     LFG did not conduct an investigation with respect to the disputed information.

74.     LFG did not contact Plaintiff concerning the accuracy of the account.

75.     LFG did not contact third parties, including Northwest Medical Center, concerning the accuracy of the account.

76.     LFG did not review underlying account documents, such as the application(s) for credit.

77.     LFG did not conduct any handwriting analysis on Plaintiff's signature or the signature on the account application(s).

78.     LFG did not make a reasonable inquiry into the disputed information.

79.     LFG did not review all relevant information provided by the CRA Defendants pertaining to the account.

80.     At best, LFG verified the false information by confirming Plaintiff's

personal identifying information with the personal identifying information reported by the CRA Defendants.

81.    LFG failed to modify or delete the false account information.

82.    Plaintiff notified the CRA Defendants that their reporting of the Republic account was inaccurate.

83.    Plaintiff notified the CRA Defendants that the Republic account was not hers.

84.    Equifax, Experian and/or Trans Union notified Republic of Plaintiff's dispute.

85.    Republic notified Equifax, Experian and/or Trans Union that it verified the account.

86.    Republic did not conduct an investigation with respect to the disputed information.

87.    Republic did not contact Plaintiff concerning the accuracy of the account.

88.    Republic did not contact third parties concerning the accuracy of the account.

89.    Republic did not review underlying account documents, such as the application(s) for credit.

90.    Republic did not conduct any handwriting analysis on Plaintiff's

signature or the signature on the account application(s).

91.    Republic did not make a reasonable inquiry into the disputed information.

92.    Republic did not review all relevant information provided by the CRA Defendants pertaining to the account.

93.    At best, Republic verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information reported by the CRA Defendants.

94.    Republic failed to modify or delete the false account information.

95.    As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages in the form of lost credit opportunities, damage to reputation, out of pocket expenses, interference with his normal and usual activities and emotional distress, including humiliation and embarrassment.

96.    At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

97.     At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

<u>FIRST CLAIM FOR RELIEF</u>
(against Equifax)
(Negligent Noncompliance with FCRA)

98.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

99.     Equifax negligently failed to comply with the requirements of the FCRA.

100.   As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

101.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

<u>SECOND CLAIM FOR RELIEF</u>
(against Equifax)
(Willful Noncompliance with FCRA)

102.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

103.   Equifax willfully failed to comply with the requirements of the FCRA.

104.   As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

105.   Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

106.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

### THIRD CLAIM FOR RELIEF
(against Experian)
(Negligent Noncompliance with FCRA)

107.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

108.   Experian negligently failed to comply with the requirements of the FCRA.

109.   As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

110.   Plaintiff requests her attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

### FOURTH CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

111.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

112.   Experian willfully failed to comply with the requirements of the FCRA.

113.   As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

114.   Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

115.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

**FIFTH CLAIM FOR RELIEF**
(against Trans Union)
(Negligent Noncompliance with FCRA)

116.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

117.   Trans Union negligently failed to comply with the requirements of the FCRA.

118.   As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

119.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

**SIXTH CLAIM FOR RELIEF**
(against Trans Union)
(Willful Noncompliance with FCRA)

120.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

121.   Trans Union willfully failed to comply with the requirements of the FCRA.

122.   As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

16

123.   Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

124.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

<u>SEVENTH CLAIM FOR RELIEF</u>
(against LFG)
(Negligent Noncompliance with FCRA)

125.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

126.   LFG negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

127.   As a result of LFG's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

128.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

<u>EIGHTH CLAIM FOR RELIEF</u>
(against LFG)
(Willful Noncompliance with FCRA)

129.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

130.   LFG willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

131.   As a result of LFG's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

132.   Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

133.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## NINTH CLAIM FOR RELIEF
(against Republic)
(Negligent Noncompliance with FCRA)

134.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

135.   Republic negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

136.   As a result of Republic's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

137.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## TENTH CLAIM FOR RELIEF
(against Republic)
(Willful Noncompliance with FCRA)

138.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

139.   Republic willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

140.   As a result of Republic's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as described more fully above.

18

141.   Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

142.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

143.   Plaintiff requests a jury trial on all issues so triable.

## **PRAYER**

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Attorneys' fees;

3.   Costs and expenses incurred in the action;

On the Second Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Statutory and punitive damages to be determined by the jury;

3.   Attorneys' fees; and

4.   Costs and expenses incurred in the action.

On the Third Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Attorneys' fees;

3.   Costs and expenses incurred in the action;

On the Fourth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Fifth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Sixth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Seventh Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Eighth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Ninth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Tenth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
2 Perimeter Park South, Suite 405 E
Birmingham, AL  35243
Telephone:  (205) 206-6718
Facsimile:  (205) 208-9632
Email:        MicahAdkins@ItsYourCreditReport.com
*Representing Plaintiff*